IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYTOSPORT, INC., a California Corporation,

    Plaintiff,

v.

THE ANGEL MILK GROUP, INC., a California Corporation; MICHELLE HERRINGTON,

    Defendants.

02:09-cv-00123-GEB-GGH

ORDER DISMISSING ACTION

On April 13, 2009, the parties filed a "STIPULATED MOTION FOR ENTRY OF DISMISSAL" ("Stipulation") and a "PROPOSED ORDER OF PERMANENT INJUNCTION." The parties state in the Stipulation that they "have entered into a Settlement Agreement concerning the captioned matter. Pursuant to the Settlement Agreement, the parties have stipulated to the entry of the attached ORDER OF DISMISSAL and respectfully request that the Court enter same." However, no "ORDER OF DISMISSAL" is attached; only a "PROPOSED ORDER OF PERMANENT INJUNCTION" is attached.

The parties appear to assume in the "PROPOSED ORDER OF PERMANENT INJUNCTION" that the Court will continue exercising jurisdiction over their Settlement Agreement, even though they have not made known to the Court the content thereof. Further, the

1

parties assume in the "PROPOSED ORDER OF PERMANENT INJUNCTION" that the Court will issue their requested injunction notwithstanding their failure to explain why an injunction is necessary.

The mere fact that the parties have agreed the Court should retain jurisdiction over their Settlement Agreement and issue a permanent injunction "is not binding upon the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (affirming the court's refusal to exercise continuing jurisdiction over the parties' settlement agreement and the permanent injunction requested by the parties since continuing jurisdiction was "unnecessary"). "According to well established principles of equity, a plaintiff seeking a permanent injunction must satisfy [the injunctive relief] test before a court may grant such relief." Ebay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The injunctive relief test includes an inquiry into "whether future violations are sufficiently likely to warrant an injunction." U.S. v. Laerdal Mfg. Corp., 73 F.3d 852, 856 (9th Cir. 1995) (quotation and citation omitted). Since the parties have not shown the need for the Court to exercise jurisdiction over their Settlement Agreement or the need for issuance of an injunction, an injunction will not issue and the Court will not continue exercising jurisdiction over their Settlement Agreement.

However, the action will be dismissed since the Stipulation reveals the parties' intent to have this action dismissed, notwithstanding the Court's decision on whether it would exercise jurisdiction over the parties' Settlement Agreement or issue an injunction. See Oswalt v. Scripto, Inc., 616 F.2d 191, 194 (5th Cir. 1980) (indicating an order could issue even where the

parties fail to formally request it when it is evident that is the parties' desire). Therefore, this action is dismissed.

IT IS SO ORDERED.

Dated: April 20, 2009

GARLAND E. BURRELL, JR.
United States District Judge